Your Honor, the second case on the docket this morning is 2-23-0123, City of Geneva, Plaintiff-Appellee, v. Chicago Land Trust Co. Defendant, Pradhan Patel and Kokila Patel, Defendant Helms. Arguing on behalf of the Appellants, Mr. Carl F. Sifanda. Arguing on behalf of the Appellee, Mr. Ronald L. Sanak. Thank you. Mr. Sifanda, you may proceed. Carl Sifanda for the Appellants. My clients are in their 80s. They've lived forever, the last 40 years in this house. The applicable section of the Municipal Code that we're to be discussing here today is 65 ILCS 5-11 31.1-11.1. The City was attempting to enforce the hearing officer orders and obtain a judgment on the findings, decision and order. The Circuit Court in its orders never referred to the Municipal Code or any ordinance of the City of Geneva. The power to render the particular judgment in this case, I believe, is not found in, which was entered by the Circuit Court, is not found in the statute which I have just quoted. The City filed its verified First Amendment complaint, as they say in their brief at page 2, relying solely on this 65 5-11 31.1-11.1. The hearing officer orders were originated in an in-house tribunal with the City selecting a hearing officer and the Code of Compliance officer for the City presenting the matter. You did not seek administrative review. That's correct. That's correct. Why are we talking about what took place at those hearings when you did not file for administrative review in the Circuit Court? Well, because there's a statute. As counsel argued during the motion for summary judgment, the propriety of the administrative judge did not, it's over, done, finished. Well, there's no case directly in point interpreting what this means when the City goes to court to enforce the orders of the hearing officer. And enforcement is different than making findings, correct, as to the violations? Well, the statute uses the terms findings, decision, and order seven times. It's a defined term in the Municipal Code. And I believe what it says is that the Circuit Court is to look at the orders, determine whether they're in compliance with the division applicable to non-home rule municipalities, and determine whether the proceeding has been conducted in accordance with the rules of the Municipal Code. In this case, the Circuit Court did none of those things. The City, their complaint was for enforcement of the orders. Are you suggesting that the City did not have jurisdiction? I'm suggesting that the orders were void. Why are they void if the City had jurisdiction? Well, voidable, not void. Let me explain. What's the difference between voidable and void? Well, a voidable order is one that, if not remedied, would have some force and effect. A void order is void from the beginning. It has no force and effect. Well, why wasn't that argument made in an administrative review complaint? Well, I have two individuals here who are in their 80s, and they did not take an administrative review. And I don't think that was a good idea. So your reliance is on the age of the parties? No, my reliance is on the applicable provision of the Municipal Code and what it requires the Circuit Court to do, and what it does not permit the Circuit Court to do. And in this case, the Circuit Court did not apply the statutory section. The statute says that the Circuit Court is to look at the findings, decisions, and order and determine whether they were made in accordance with the rules of the Municipal Code applicable to non-home rule units. The orders say on their face, Your Honor, that they are entered pursuant to a section of the Municipal Code which is applicable to other provisions of the Code. Pardon me? Doesn't the complaint make reference to other provisions of the Code? The complaint, as the brief for the appellee says in this case, the City filed its verified First Amendment complaint relying solely on 65 ILCS 511, 31.1, 11.1. That's at their brief, page 2, and it's in the record at 552-74. Having set forth that, the Circuit Court didn't follow the procedure set forth in the Municipal Code. The orders issued by the hearing officer don't contain any findings. The term findings, of course, is defined in the Municipal Code, and that's Section 511, 31.1.10, and it says there that the hearing officer shall make a determination based on the evidence presented at the hearing whether or not a code violation exists. There is no code violation specified in any of the orders. It uses the term violation. It's not referred to any code section. So if the patels receive the orders of the Circuit Court to address your point, if they receive the orders from the Circuit Court saying, you are permanently enjoined from violating the building code, what would their response be? What should they do? And it also says in those orders that they're permanently enjoined to remedy the code violations set forth in the complaint. The complaint doesn't set forth any code violations. The orders don't set forth any code violations. The patels, whether they're old or not, are subject to contempt of court for failure to follow the Circuit Court orders. I think the orders are unenforceable. It far exceeds the jurisdiction conveyed upon the court by the Municipal Code as to what they're supposed to do. The code section says specifically that the court can issue an injunction, but it's to enforce the code violations as determined by the hearing code officer. You don't have any determinations by the hearing code officer of a violation that the patels are supposed to remedy. Counsel? Go ahead. It sounds like what you're saying is if they don't say Section 1-2C, then there isn't any reference whatsoever to a finding that indicates, for instance, that they didn't get an inspection or they didn't ask for an inspection, or that I believe there's something that indicates that the thing has been built up so the inspections can't take place, so now something has to be done to see to it whether or not what was done was within the code. So the record reflects facts that indicate that this is not kosher, but because you are arguing that there are no section and paragraph numbers or subsections listed, there's no finding of fact. And how do you reconcile the two when this court and that court as well can take judicial notice of the ordinance or the statute or whatever that is easily proven and reference that to what the findings were or the statements made in the decision that the hearing officer made? Well, I think my answer is two-part. The first part is then we are re-adjudicating this case at the circuit court level. If we're taking judicial notice, we're doing all kinds of other things. We began with the statement that this code section says if you want to enforce the orders, you bring those orders in. We're not going to have any, and the appellee says in its brief that these orders are final and irrevocable and nobody can go into them. Now, you're positing the fact that the circuit court at this point can conduct its own hearings, supplemental hearings. I don't think that the code provision says that they can do that. But the other part of my answer is that your statements, although true, are conclusions. They're not findings of fact. It doesn't say that on February 1st of 2019 the city inspected the Patel's home and found some kind of a condition that was a violation of the building code. I mean, you're interjecting into this the logical determination that... A logical analysis. A logical analysis, but the municipal code doesn't say that that's what they're supposed to do. Isn't that what the trial court's supposed to do, though, is make a logical analysis of what the judgment was? In the trial court's handling of this case, it took a totally different tack. It sent the building commissioner out to the Patel's home, did all kinds of things which are not part of the enforcement of these orders that were issued by the hearing officer. So we have a totally different procedure. I think it's important that, whatever your conclusions are in this case, that someone lay out what the role of the circuit court is in the case of this type in applying this statute. Well, the circuit court was clearly frustrated, right? I mean, at the time... Definitely, through the building code... The attempts by your client, or whatever attempts, were not successful to come into compliance? My client would tell you that he did everything he was asked to. Let me ask you this. The city points out that Division 2.2 of the Illinois Municipal Code does not apply to building code violations and, in fact, exempts building code proceedings, correct? That's correct. And I've cited the correct statute. In your reply brief, with regard to the deficiencies in your brief, you acknowledged that your brief had deficiencies. Absolutely. But it's not sufficient for us to strike or dismiss the appeal. That's why I've asked, because I think it's important that the circuit court be given some direction when faced with this issue. If it is as Justice McLaren says, that the circuit court is to take a look at the judicial notice of the municipal code sections, whatever they were, they aren't cited. Well, we can affirm on any basis supported by the record. I agree. And we're entitled to take judicial notice just as a trial court can. Absolutely. Absolutely. But with respect to the fine, I've also suggested that what's going on here is I don't see any provision in the applicable section of the municipal code authorizing the trial court to enhance the fine. It's pretty clear that they have judicial authority, and they have the authority to enter a judgment in the amount set forth in the findings, decisions, and order. And there is no amount set forth. And there is no calculation in the record. And there is no evidence in the record supporting that. There was evidence that was presented, or at least it was not opposed, that the violations were never corrected. Well, that's just argument. There's nothing in the record that would support that. There's no document that says that. There was never an evidentiary hearing in this case. So void versus variable, I suppose. Was both parties moved for summary judgment? Yeah, I did with respect to certain issues, one of which was the statement in count two of the complaint that was filed that said that Patel's home did not meet the minimum standards of health and safety. The code compliance officer testified he never made that determination. I filed for sanctions, and it was denied. And with respect to the first count, I have taken the position throughout this that there are no findings pursuant to the municipal code which would support a judgment and that the hearing officer orders were void to have an issue. Thank you. I have a question, sir. Certainly. You're saying that there was no notification given of a per diem fine or a weekly fine in either the code or the judgment that the hearing officer entered? No, the hearing officer talks about a fine. We don't know when it ended. So we could come up with a determination that the original complaint said $24,000. As you know, that number was increased by the circuit court with no evidence in the record, nothing to support it. There was argument, but that's back to the question of whether or not the circuit court has the authority to do it. I believe under the statutory section that they have the power to issue an injunction and to issue a judgment in the amounts set forth in the hearing officer's orders. There is no amount set forth in the hearing officer's orders, and certainly there is no authority set forth in the statutory municipal code section that says you can enhance the fine. You're talking about when there is no monetary judgment based upon a mathematical computation of the number of days times a fine per day, correct? Correct. But there is something about a fine per day. Until it is cured, it says. Okay. So does that then mean that the trial court is supposed to compute the time period that whatever the hearing officer came up with plus whatever might accrue post-judgment from the hearing officer? First of all, let me just say I don't agree that the trial court here, the circuit court, has the authority to make an enhanced fine. I don't think the statutory section allows that. And with respect to the hearing officer orders, the hearing officer orders are supposed to set forth what the amount is. And I believe that since no calculation was made, there is no enforceable fine. Who came up with the $100 per week? The hearing officer. Okay. Any other questions? No. Thank you. You will have an opportunity to make rebuttal. Thank you. Mr. Sandak, you may proceed. Thank you, and good morning, Your Honors. It's my pleasure to represent the City of Geneva with respect to this matter. Importantly, and throughout the entire process, the City of Geneva went out of its way to obtain compliance with its code, which is an important thing that I'd like Your Honors to keep in mind. This happened prior to the administrative process. This happened at the administrative process. This happened at the trial court process. The record is replete with both the city, the hearing officer, and the lower court almost begging the patels to comply. It is only after a level of frustration that was very easy to foresee that the lower court finally, at the time cross motions for summary judgment were pending, entered an order in favor of the city. The administrative process offered the patels from April of 2018 through January of 2019 to get into compliance. Importantly, Your Honors, the patels availed themselves of that process on at least two occasions. And then they didn't. Opportunities were afforded to them due to illness to come back to present defenses, but more importantly, to get in compliance. As Justice McClaren mentioned, one of the most important things that occurred in this instance was the patels had a permit that expired on its own terms, but more important than the expiration of that permit was the expansion of their project, including but not limited to a second floor, which was encased in walls, which had electricity, plumbing, HVAC all behind it. The city simply sought a stamp from an architect that whatever was behind those walls was compliant with their code. That was sought all the way to the lower court summary judgment matter, where Judge Serang simply asked, Mr. Serfanda, did your clients do the matters on the list? And the answer was no. And importantly, those same exact verbatim items were the subject of an agreed order in this case, an agreed order to comply. The city wasn't seeking to tag the patels with any onerous penalties at that time. They were seeking compliance. Pardon me. Yes, sir. Under what circumstances was that agreed order entered? Was it entered during the municipal proceedings or was it entered during the enforcement proceedings in court? The latter, Your Honor, in front of Judge Serang. Okay. So if that's the case and there's an agreed order, what does the proceedings in front of the hearing officer have to do with anything if there has been an agreed order entered and apparently the trial judge, tell me if I'm wrong, rendered judgment based upon the fact that the agreed order wasn't compliant with it? Your Honor, I'm sorry, Your Honor, the court did not enter a judgment based on that frankly violated agreed order. She kind of threw up her arms and said, okay, let's go. To the point that I think Your Honor is making, the processes that occurred at the administrative hearing were the very same elements, the very same issues, open issues, unintended matters, and safety matters that remained open and unintended during the trial proceedings. Is there a section in the code that says that you're not supposed to build second floors without a permit? In the city code there is, certainly. Do you know what section? I cannot cite it verbatim, Your Honor, but the City of Geneva, like most municipalities, avails itself of reasonable rules. It would be accurate to that. Do you think we could take judicial notice of that fact? Oh, I think the court did take judicial notice of that. And it's cited in our reply, certain sections with respect to enforcement is in our brief, Your Honor. By entering an agreed order to comply, doesn't that take away any argument regarding what specific code violations there were? I tend to agree with that, Justice. I think this record is replete with admissions, which is, by and large, why Judge Soraine tried to fashion something. Because, again, the city can – it's not the city's province to tag its citizens with onerous penalties. It just isn't good government if you can avoid it. It isn't good neighborly practices. So the city literally bent over backwards. And I would argue that the lower court did exactly the same. And it was at that point, Justice, when she literally threw her hands up and said, I can't help you anymore. I think she tried to equitably handle this matter. And, again, I think the record is replete with those instances. And it was at some point in time when you stop pounding your head against a wall and you use the enforcement proceedings and processes. And, importantly, Your Honors, throughout the trial phase or the lower court phase of this case, the appellants have failed to either recognize or totally ignore the difference between a matter of original jurisdiction versus a matter of enforcement. The underlying hearings before the administrative hearing occurred over almost a nine-month period. A lot of it was just giving continuances to the Patels to come back because they were participants at some point in time. The record shows that unquestionably. And then, I don't know, I can't speculate, they stopped attending. And it was at that time that the other, the hearing officer, graduated his fine from $75 a week to $100, trying to obtain. Was it $75 a week or $75 a day? It was a day. It was a day, thank you, to try and get timely attention of the Patels. It didn't work. We brought, on behalf of the city, an enforcement action because the 35-day period in which to seek judicial review had come and gone and expired many months prior. What's your response to Mr. Sopanda's statement about the ultimate judgment of fines was greater than what the hearing officer declared? It wasn't. And taking that argument and putting it on its head, those fines would arguably still be accruing if we're waiting for compliance. Because as I stand before you, full compliance has still not occurred. And has the city brought condemnation proceedings? There's not. A luxury that exists, but something I think that they show great deference in doing for, again, some of the same reasons I mentioned earlier. We just like compliance. And as built from the architect, we put almost all of this dispute with respect to the code violations to rest. It's in the record below in at least three different instances. And it was part of the court order. There were inspections and the home was still not in compliance. Okay, it's not in compliance, Justice. And on the day of the entry of summary judgment, before the lower court entered a ruling, she asked, were these items addressed? And they weren't, including that as-built, which is significant for that second floor because it was encased, closed. And, you know, the city has a duty to make sure there's not a fire hazard or a problem there. And there's still not an architect to this day who says whatever was put in behind those walls complies with all of the international codes, the building requirements for safety, et cetera. And so I think my main point here is it was always with great reluctance that the city had to proceed with its code enforcement and following the statute prescribed by the Illinois General Assembly. Counsel, as you noted, Justice Burkett, initial opening brief was down the wrong path entirely. That's what we faced before Judge Saran too. For much of the pleadings, if you avail yourselves of what was filed, the appellants were operating under the sanitation code of the municipal code, the sanitation division under the municipal code. And it wasn't only after we continually showed the right statute, because we've been accused of acting, you know, beyond the scope of the city's authority, which is just incorrect. The city has the right to have an outside administrative process. It employed that process. That process bent over backwards for the benefit of the Patels. The Patels ignored it, required the city to bring enforcement action. The city brought in enforcement action. And if your honors look at the record beneath, it was a tortured record of motion practice that should probably not fit the typical guidelines of a case of like this, of this sort and kind, but it did. And I think the judge not adequately, more than adequately managed that situation, gave a lot of rope to this appellant to get into compliance. And this appellant chose to ignore or to defer in each instance. Has there ever been an occupancy permit issued for the second floor? I don't know the answer to that. My guess, if I can speculate, your honor, would be that there was a temporary certificate based on, it at least seems structurally sound, but I don't know the answer to that. And that kind of goes along with Justice Burkett's questioning of other remedies, which, frankly, we have withheld pending this tribunal, but we certainly may avail ourselves of other activities given the situation. What about the injunction? Is it too broad? I didn't want to say too broad. Ultimate too broad. Too broad, not wrong. Oh, no, I don't think it's too broad, your honor, and I'll tell you why. In the absence of something with, you know, the imprimatur of the court, it allows a continuing violation to proceed ad infinitum. The court, I think, again, exercised incredible judicial restraint in this, under this record, and then ultimately, when provided for the third time in court with no to the items, whether they were concluded or not, entered an injunction to get into compliance. That is prescribed in the statute. It's prescribed in Geneva's Code of Ordinances, and frankly, it's logical and makes common sense. But you, I think, the defendant seemed to argue that the injunction, if at all, should have simply said, you know, these are the five things that you enjoin rather than the whole building code, which is no more or no less than you hold there. Well, I think I would differ with his interpretation. I think the record, I think the injunction springs from the record of use below, and there were items identified with particularity. I don't think this lower court intended an injunction for anything not outside the parameters of what was before her. I think in the four corners of the previous orders and what was put before the lower court, I think that injunction suitably fits. So it's the agreed order we look to? Absolutely. And that agreed order, Your Honor, is the exact thing the court revealed and asked about on, I think it was March 16th, before summary judgment was entered in the city's favor. And again, the fine. Counsel seems to indicate that the fine is too high because it was improperly inflated. Do you have a comment on that? I just think that's patently incorrect. I think the record is clear. It stems directly from the hearing officer's findings, and it's a computation. It's simply math. I think the court did the Patels a favor in this respect by cutting it off, because I think there was an argument that would be continuing and aligned with the injunction until compliance. The court did not enter such an order, which I again think favors the Patels in that instance. So it went from $75 a day to $100 a week? Yes. Did it go from that, as she said, or was it $75 a day plus an additional $100? It was not compounding. It switched from one to the other. I see. So $75 a day times 7 is more expensive than $100 a week. When you claim that this was an attempt to get compliance, that would imply that the new fine was worse than the first one. I think it does imply that, but I don't know that there's a distinction that makes any difference, because as I stand here today, there's no compliance. So maybe we could have made it $100,000 a day, and I would have heard counsel complain about the onerous nature of it. $75 times 7 is somewhere around $500 a week instead of $100 a week. So it went from $500 plus a week down to $100 a week. Okay. That's a direct reflection, Your Honor. Okay. Thank you. Unless there's other questions, I obviously defer and defer to my brief. Thank you for your time and attention. Thank you. Thank you. Mr. Cifanda, you may make rebuttal. Is it Cifanda or Cifanda? My brother used to say it was Cifanda, and I always said it was Cifanda. So our firm was Cifanda Cifanda. What did your mother say? Cifanda. That's what we go with. Thank you. So we've now spiraled into a question as to whether or not the circuit court has original jurisdiction in this case to enter any kind of order it wants to versus whether it's enforcing hearing officer quarters. What about the agreed order that counsel used? I don't recall an agreed order. It is in the record. I don't believe so. There's an agreed order to permit an inspection, but there's no agreed order. The circuit court issued an order, which I referred to in the discussion of the record, as an original order. It issued an original order, and it has nothing to do with the hearing officer orders that are the subject of the plaintiff's complaint. So now we've gone to the question of whether this court, the trial court, has original jurisdiction to enter its own orders and do whatever it wants. If the trial court terminated the ongoing fine, what is your position relative to the authority or the exercise of discretion by the trial court to do that? My position is, as I enunciated previously, it's what the municipal court permits the circuit court to do. It's to enforce the judgment as rendered by the hearing officer. If that includes sanctions, then it has the power to do that. And it specifies in the code section that it's to enforce them in the amount specified in the hearing's decisions and order, and there is no amount specified in the hearing's decisions and order. Now, you've heard a lot of testimony from the city's attorney about things that happened that aren't in the record and that have nothing to do with the enforcement of the hearing officer orders. The Patel's position would be that we are dealing with, at the time, the building commissioner has been replaced. We have a new building commissioner. And with respect to what they did, I would again state that the Patel's position is they did whatever the city asked them to. And the orders that were issued by the circuit court in this case don't tell them to do anything. It sounds like you're saying that there's an expiration date on the hearing officer's judgment. Well, the question that I have in my mind is, are those orders a final order? Well, if the judgment says until compliance is effective, either it means until Christ returns or the sun explodes, the fine will continue unless there's an expiration date, a termination date. And so if the trial judge decided that she was going to impose a termination date, at least insofar as the fine was concerned, either she had the authority to do so in an exercise of discretion or she didn't. And I'm trying to get from you whether or not she had the authority or the ability to exercise the discretion to terminate the fine. But if she didn't terminate the ongoing violation, why doesn't that continue? Well, because there are no findings of fact which would support the determination that there is a violation. And the record doesn't establish one. But there's no determination that it isn't continuing. So then we're talking about res judicata not applying. And if there's an eviction or if there's an injunction order that no one is to occupy the premises in question, or if the property is condemned or is knocked down as a public nuisance, there is no res judicata that you can impose based upon what your argument seems to be. Well, my argument is really on the four squares of what the municipal code says. And I believe based on what the municipal code says, it's to the circuit court's authority is to enforce the order of the hearing officer in the amount specified in its order. And there isn't any amount specified. And that's with respect to the fine. So it seems like what you just said was that after the payment of fines terminate, your client gets to inhabit and transfer the property to a third party upon consideration or gift without any further concerns or problems relating to the city and its attempt to enforce its ordinances. Counsel for the plaintiff was allowed to tell you lots of things that aren't in the record because they occurred after the hearing officer. My comment is hypothetical. Okay. And with respect to the hypothetical, the property is in compliance. We are awaiting a final inspection, and the city current building commissioner is withholding that until we have a determination in this case. We have no doubt that the building is completely in compliance. Thank you. Thank you. We'll take the case under advisement. There will be a short recess. We have other cases on the floor. All rise.